OREN, Respondent, vs. SEIM, Appellant.

*March 10—April 5, 1927.*

**Principal and agent: Bills and notes: Payment of note to agent
before maturity.**

Plaintiff, the owner of defendant's one-year promissory note,
placed it in her safety-deposit box at a bank and notified de-
fendant that he might make payment to one P., who was the
cashier of the bank where the note was deposited. Before
the maturity of the note the defendant paid P. the principal
and accrued interest and deposited the entire amount to plaint-
iff's credit in the bank, which subsequently to the maturity
date of the note failed. *Held* that, P. having no authority to
accept payment except in accordance with the provisions of
the note, and the sum paid not having been tendered as a
partial payment, defendant was not discharged of his lia-
bility.

APPEAL from a judgment of the circuit court for Craw-
ford county: S. E. SMALLEY, Circuit Judge. *Affirmed.*

Promissory note. On March 5, 1923, the defendant gave
plaintiff his note for $500, due in one year with interest at
five per cent., payable semi-annually. At that time plaintiff
was living in Rio, Columbia county, Wisconsin, but was
temporarily at Soldiers Grove where the note was given and
where she remained until August 23d, when she returned to
Columbia county and remained there until July, 1925. After
the note had been executed and delivered, plaintiff to the
knowledge of the maker and the cashier of the bank, one
Clarence Peterson, placed it in her safety-deposit box, where
it remained until her return in July, 1925. The court found:
"That at the time of making said note, at the Bank of
Soldiers Grove, Wis., the plaintiff told the defendant that
he might pay the note to Clarence Peterson, who was at that
time the cashier of the Bank of Soldiers Grove, Wis."

On the 11th day of January, 1924, the defendant went to
the Bank of Soldiers Grove and paid Clarence Peterson,

the cashier, the sum of $521.60, which was the principal and interest on the note to that date, and took a receipt for the amount paid, which was produced on the trial. Peterson placed the amount paid to the credit of the plaintiff in the bank, where it has since remained. As already indicated, the note was not delivered because it still remained in the plaintiff's safety-deposit box. The court found that neither the defendant nor Peterson notified the plaintiff of the transaction of January 11, 1924. On May 14, 1924, at the direction of the plaintiff, Peterson paid out $5.28, being the amount of the premium on a certain fire insurance policy. Peterson never had the key to the plaintiff's safety-deposit box. The bank in which the money was deposited became insolvent, the plaintiff filed no claim and brought this suit to recover the amount of the note with interest from the defendant. The defendant set up payment made as already indicated, the court found in favor of the plaintiff and judgment was entered accordingly, from which the defendant appeals.

For the appellant there was a brief by *Graves & Earll* of Prairie du Chien, and oral argument by *J. S. Earll*.

*C. J. Smith* of Viroqua, for the respondent.

ROSENBERRY, J. The facts in this case except as indicated are practically undisputed. In addition to the facts already set out, the defendant claimed that Peterson had apparent authority to receive payment, he having transacted, prior to the time of the execution and delivery of the note in question, a considerable amount of business for the plaintiff. At the request of the defendant the plaintiff indicated the extent of Peterson's authority in the premises, and for the purposes of this case, there having been no subsequent transactions between the parties, it must be held that the authority of Peterson was limited to accepting payment of the note. Inasmuch as the interest was payable semi-annually, the di-

rection which the plaintiff gave to Peterson to pay the premium on her fire insurance policy loses its significance. Under the facts she had a right to presume that the interest had been paid, and if it had been paid she would have had an amount in the hands of Peterson in excess of the premium, hence her direction to pay cannot be held to amount to a ratification of Peterson's act. It is considered also that Peterson, being the agent of the plaintiff to receive payment of the note when due, had no authority to accept payment prior to the due date of the note. The plaintiff denied that she had any talk with *Mr. Seim* in which she authorized payment to Peterson. *Mr. Seim* testified that in the presence of Peterson he asked the plaintiff the following question: "Now when you put this note in your bank box, who will I pay this note to? Is it all right if I pay it to Clarence?" And she said "Yes." And in this he was corroborated by Peterson, whose testimony was to the same effect. The court found in favor of the defendant on this issue.

There is no circumstance from which it can be inferred that the plaintiff authorized Peterson to accelerate the maturity of the note or to accept any other sum than the amount of the note with interest according to its terms. The full amount of the interest was never paid. The interest being paid up to the time of payment, January 11, 1924, the money having been deposited with Peterson by the defendant at a time when he knew that Peterson had no authority to receive it as agent of the plaintiff (the note not being due at that time), it must be held that Peterson remained in possession of the money as the agent of the defendant, who was the owner of the fund. The money so remained in the hands of Peterson until the due date of the note. The answer alleges that the sum of $521.60 was "paid C. A. Peterson . . . in full payment of the note." It appears from the evidence also that the amount was tendered in full payment. Manifestly Peterson could not accept an amount less than the

amount due on the note in discharge of the note. To the knowledge of *Seim* he had no authority to do so. His authority was to accept payment and nothing else.

It is suggested on behalf of the defendant that Peterson, having authority to collect the whole amount, had authority to receive less than the whole amount as part payment. We do not reach the question suggested. The amount deposited by the defendant on January 11, 1924, was paid by the defendant and accepted by Peterson as a discharge of the defendant's liability upon the note. On March 5, 1924, when the note was due, Peterson could not accept the amount on deposit, $521.60, in discharge of the defendant's liability because he had no authority to do so. The amount then due was $525. The defendant did not offer the $521.60 as part payment at any time, hence Peterson could not accept it as such, assuming he had authority to accept part payment at maturity or at some subsequent time. Neither party moved and nothing occurred except the lapse of time to change the relation of the parties from January 11, 1924, until the bank failed some months later. The defendant's liability was not discharged on January 11, 1924, because Peterson had no authority to accept the sum paid as a discharge. It was not discharged on March 5, 1924, because the amount paid was not sufficient to discharge defendant's liability. It was not in fact, on the due date of the note or any other subsequent time, offered in part payment nor accepted in part payment by Peterson, the agent of the plaintiff, assuming he had authority to so accept it, a matter not decided. Therefore the liability of the defendant on the note continued and the plaintiff was entitled to judgment. Here one of two innocent parties must suffer. It is our duty to apply legal principles to established facts, however harsh the result may seem. Many collateral questions might be discussed but no useful purpose would be served thereby.

*By the Court.*—Judgment affirmed.